COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


ROBERT JEROME BROWN, II, S/K/A
 ROBERT JEROME BROWN, JR.

MEMORANDUM OPINION[*] BY
v.    Record No. 2559-99-1          JUDGE ROBERT P. FRANK
                                       DECEMBER 12, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Samuel Taylor Powell, III, Judge

        C. Thomas Turbeville (D.R. Dansby, Ltd., on
        brief), for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    Robert Jerome Brown, II, sometimes known as Robert Jerome

Brown, Jr., (appellant) was convicted, in a jury trial, of robbery

in violation of Code § 18.2-58, felony petit larceny in violation

of Code §§ 18.2-96, 18.2-103 and 18.2-104, and destruction of

private property in violation of Code § 18.2-137.  On appeal, he

contends the trial court erred in finding the evidence was

sufficient to convict him of robbery.  For the reasons stated

herein, we affirm the judgment of the trial court.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.  BACKGROUND

Donald N. Janderup was employed as a manager at a CVS Pharmacy in Williamsburg on March 12, 1999.  Janderup looked onto the sales floor of the pharmacy from his "second story" manager's office and observed appellant concealing a container of baby formula "inside his coat."  Janderup said appellant was located ten to fifteen feet from him.

Janderup brought the situation to the attention of his assistant manager, Mattie Campbell, who was in Janderup's office.  Campbell then observed appellant conceal a second container of formula.  She walked out of the office and approached appellant, who was between four and five feet from the formula display.  Janderup said he observed appellant "brush past [Campbell] making some contact, just pushing past her."  Campbell said appellant brushed her shoulder.  Janderup stated appellant was walking toward the exit of the store when he passed Campbell.  Janderup came downstairs "for the purpose of keeping the appellant from leaving the store."  At this point, Janderup approached appellant, who was now located between ten and fifteen feet from where he initially concealed the baby formula.  He was also approximately forty feet from the store's exit.  Janderup walked toward appellant and said "something along the lines of 'Hold on a minute.'"  Appellant told him, "You don't want to do this."  As appellant came toward him, Janderup held his hands up in a

-

"defensive" manner to "block the way."  As appellant tried to walk past him, Janderup reached out toward appellant's arm.

Appellant "lunged" towards Janderup and drove him backward into a watch case that Janderup knocked over.  The two continued to struggle, knocking over several more displays and "bounc[ing] off the wall once or twice."  They ended up on the floor with Janderup "on top of [appellant] more or less holding him."

Then, another individual struck and kicked Janderup several times while ordering him, "Get off my brother."  Appellant then punched Janderup "at least two or three times."  At least, "one or two" of these "closed fist" blows struck Janderup in the face in his "right jaw area."  At some point, another CVS employee, Nathaniel Isaac, stepped in and assisted Janderup in "holding" appellant.  According to Campbell, Isaac also dissuaded the other individual from throwing a shopping cart at Janderup.

Then, Janderup grabbed appellant by "his jacket."  Suddenly, appellant "came out of" the jacket leaving Janderup holding it.  Appellant ran from the store without the jacket or the baby formula.  Campbell testified the baby formula fell out onto the floor during the fight, shortly after the second person joined the fight.  Janderup acknowledged during cross-examination that it was "clear" to him from the time he approached appellant that appellant wanted to leave the store and was walking toward an exit.

-

At the conclusion of the Commonwealth's evidence, appellant moved to strike the evidence as insufficient to prove robbery. The trial court denied appellant's motion.

## II.  ANALYSIS

On appeal, appellant contends the evidence was insufficient to prove robbery because the "taking" of the baby formula was never completed.  We disagree.

> When sufficiency of the evidence is at issue on appeal, the evidence must be viewed in the light most favorable to the Commonwealth, and the evidence must be accorded all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  A jury's verdict will not be disturbed unless it was plainly wrong or without evidence to support it.  Code § 8.01-680; Stockton v. Commonwealth, 227 Va. 124, 145-46, 314 S.E.2d 371, 385, cert. denied, 469 U.S. 873, 105 S. Ct. 229, 83 L.Ed.2d 158 (1984); Albert v. Commonwealth, 2 Va. App. 734, 741-42, 347 S.E.2d 534, 538-39 (1986).

Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

"The degree of asportation necessary to constitute a taking under the common law definition of robbery need only be slight." Durham v. Commonwealth, 214 Va. 166, 168, 198 S.E.2d 603, 606 (1973).  In Green v. Commonwealth, 133 Va. 695, 699, 112 S.E. 562, 563 (1922), the Supreme Court of Virginia held that a "taking" in a robbery requires dominion or absolute control of the property.

-

The Court explained that "[t]he absolute dominion must exist at some time, though it be only momentary."  Id. (citation omitted).

Appellant argues the "taking" in this case was never completed because he did not leave the store with the baby formula.  However, the asportation occurred when appellant concealed the cans of baby formula inside his coat and continued through his struggle with Janderup.  The evidence established he exercised absolute control over the cans of formula as he walked away and during the struggle.  Even if his control over the cans of formula was "momentary," it was sufficient to establish a "taking" under Green.  We, therefore, find the evidence sufficient to support appellant's conviction.

For these reasons, we affirm the judgment of the trial court and affirm appellant's conviction.

Affirmed.

-